## State v. Dotson
## Case No. 89AP683

Franklin County, (10th)
Decided February 15, 1990
[Cite as 1 AOA 405]

Mr. Michael Miller, Prosecuting Attorney, and Ms. Katherine B. Press, for appellee.

Mr. Paul A. DePascale, for appellant.

RADCLIFFE, J.

This appeal is from a judgment of the court of common pleas convicting defendant for the offenses of drug abuse, carrying a concealed weapon and having a weapon while under disability. Prior to trial, the common pleas court overruled defendant's motion to suppress the evidence regarding the weapon and drug charges.

Defendant assigns the following "argument" as error for our review:

"I. The trial court erred in overruling appellant's motion to suppress all evidence obtained as a result of a search and seizure made without probable cause.
"A. There was no reasonable fear for officer's safety.
"B. There was no reasonable belief that the objects were weapons.
"C. Since the initial search was illegal, any further search was illegal and therefore should have been suppressed."

Police officers observed defendant sitting in an automobile at approximately 10:30 a.m. on August 27, 1989, in an area one officer testified was "a known high crime area" in Columbus. The vehicle was parked in a no-stopping zone. Defendant and a passenger were conversing with people on the sidewalk. As the police cruiser approached, the vehicle was driven away by the defendant. The officers noted that the thirty-day registration tag on the vehicle had

expired and proceeded to follow the vehicle through several alleys, eventually stopping the vehicle in a dead-end alley.

As one of officers approached the vehicle, the defendant and his passenger were observed bending over in the vehicle a manner to indicate they were either concealing or retrieving something. The defendant was requested to exit the vehicle and produce a driver's license. The officers searched the defendant and discovered upon his person a metal tube recognized as an item used to smoke crack cocaine and a bottle of white powder. Upon discovery of these items, the defendant was arrested, handcuffed and placed in the cruiser. An inventory search of the vehicle revealed a weapon and ammunition. The defendant was not the legal owner of the vehicle.

The essence of defendant's argument on appeal is that the taking of this evidence was the product of an unconstitutional search and seizure made without probable cause. The defendant argues that there was no reasonable fear for the officers' safety, that there was no reasonable belief the objects taken from defendant were weapons and that, since the original search of the person was illegal, the search of the vehicle was illegal.

Defendant does not contest the legality of the initial stop. Quite clearly, the arresting officer had direct information that the vehicle driven had been parked in a no-stopping zone, that the thirty-day registration tag on the vehicle had expired and that the motor vehicle was being driven with an expired registration. These facts constitute an articulable and reasonable suspicion that a crime was being committed and constitutes sufficient cause for the officer to stop the vehicle and undertake further investigation. The initial stop of the vehicle and the investigation of the driver of the vehicle were lawful.

Defendant contends, however, that the arresting officer lacked any basis to perform a pat-down search pursuant to the holding of *Terry* v. *Ohio* (1968), 392 U.S. 1. It is defendant's position that absent a reasonable fear by the officer for his safety, no "pat-down" search is valid.

"The Fourth Amendment prohibits only those searches and seizures which are unreasonable. *Harris* v. *United States* (1947), 331 U.S. 145. Searches conducted outside the judicial process, without a warrant, are *per se* unreasonable, subject to a few specifically established exceptions. *Katz* v. *United States* (1967), 389 U.S. 347, 357. One of these exceptions is set forth in *Terry* v. *Ohio* [*supra*] ***.

"In *Terry*, the court was concerned with striking a balance between the safeguarding of a person's right to be free from unreasonable searches and seizures and protecting a police officer from bodily harm and preventing and deterring crime where there is less than probable cause to make an arrest and conduct a full incidental search of a suspect. The court found, at page 27, that the proper balance must 'permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.' An officer may therefore *initiate* a protective search when his suspicions are reasonably aroused." *State* v. *Smith* (1978), 56 Ohio St. 2d 405, 406-407. (Emphasis in original.) Accord, *State* v. *Bobo* (1988), 37 Ohio St. 3d 177.

In this case, the evidence adduced at trial indicates that the area where defendant was stopped was a high-crime area, that the arresting officer was a veteran with eleven-years experience on the Columbus police force, that the defendant initially eluded the pursing officers and, that, as the officers approached the vehicle, the defendant and his passenger bent forward as if either concealing or retrieving something from the floor of the passenger compartment. These factors support the trial court's finding that the investigating police officer had sufficient facts to warrant a reasonable belief that his safety or that of others was in danger. Cf. *Bobo, supra*. While it is true, as defendant points out, the officer testified that defendant was known to him and that he had no reason to believe that defendant was hiding or retrieving a gun, the officer also testified that he felt the pat-down frisk was justified in light of the fact that defendant attempted to elude pursuit and then bent over as the officer over approached from the rear.

These factors justified a frisk for weapons based on a concern for the officer's personal safety. Even if it is conceded that the officer had no reasonable basis to believe that defendant was armed with a *gun*, such fact alone does not negate a reasonable apprehension that, under these circumstances, defendant was not armed with "*** knives, clubs, or other hidden instruments for the assault of the police officer." *Terry, supra,* at 29. The first branch of defendant's argument is overruled.

Defendant next argues that, even if the initial pat-down search was constitutionally permissible, the scope of the search violated the Fourth Amendment since there was no reasonable belief on the part of the arresting officer that the objects discovered were weapons. It is defendant's position that there is no evidence in the record which indicates that the officer believed the objects he recovered from defendant's shirt or pants pockets were of such a nature as to jeopardize the officer's personal safety.

Upon review of the record, this court agrees with defendant's contentions. While the arresting officer testified that the pat-down search was initiated because of the officer's concern for his personal safety based upon defendant's behavior, he also testified only that "*** I frisked him for officer's safety and discovered that he had a tube, a metal tube in his shirt pocket and a bottle of white powder in his right pants pocket." (Tr. 11.) This testimony is the only evidence regarding the scope of the frisk. Given this state of the record, we cannot fairly conclude that the scope of the officer's search was confined to a pat-down frisk of defendant's clothing for purposes of discovering a weapon. There is no indication that the officer believed that either the metal tube or the glass vial were weapons so as to justify removing them from defendant's pockets. The facts simply do not support the scope of the search undertaken in this case. Cf. *State* v. *Stoken* (Jan. 25, 1989), Hamilton App. Nos. C-880006 and C-880007, unreported; *State* v. *Scott* (Apr. 5, 1989), Hamilton App. No. C-880225, unreported; and *State* v. *Hinerman* (Apr. 10, 1986), Cuyahoga App. No. 50353, unreported. The second branch of defendant's assignment of error is well-taken.

Finally, defendant contends that because the initial search was illegal, the inventory search of his automobile, which located the weapon, was an illegal inventory search and should have been suppressed. The state argues that even if defendant's arrest from the drug charge was illegal, the inventory search which resulted in the discovery of the weapon was, nevertheless, valid because the automobile was subject to impoundment under the Columbus City Code because it could not be operated on public streets with expired tags.

Despite the state's contention in this regard, the Columbus City Code provides only for the impoundment of any vehicle which is either committing a parking infraction or from which the driver has been arrested. Columbus City Code ("C.C.") 2107.01(a) and (c). A violation of C.C. 2135.09, relative to the display of expired license plates does not constitute a parking violation for purposes of impoundment. C.C. 2150.01 and 2150.02(D). As such, given that defendant was not lawfully arrested, and that his vehicle was not subject to impoundment otherwise, the Columbus City Code did not authorize the search of defendant's vehicle for the purpose of inventorying its contents before impoundment.

Moreover, this court cannot conclude on the record before us that the search undertaken by the officers of defendant's vehicle was otherwise authorized. There is no indication that the weapon was discovered as an incident of the stop and subsequent *Terry* search, see *e.g., Pennsylvania* v. *Mimms* (1977), 434 U.S. 106, and *Michigan* v. *Long* (1983), 463 U.S. 1032, or as the incidental result of a search to obtain the vehicle's identification number. See *New York* v. *Class* (1986), 475 U.S. 106. Neither is there any evidence to support an inference that the weapon would have been inevitably discovered as a result of a *Terry* search of the vehicle. See *Long, supra,* at 1050, fn. 14, and *Class, supra,* at 119, fn. In short, while we do not support that, as a matter of law, a search of defendant's vehicle would have been improper, we simply are unable to find the facts in the record before us to support the seizure of the weapon from defendant's car. Accordingly, this court is compelled to conclude that the search of defendant's vehicle contravened the Fourth Amendment requirement that searches be reasonable. As such, the trial court erred in failing to suppress the weapon recovered as a result of the illegal search. The third branch of defendant's assignment of error is well-taken.

Based upon the foregoing, the first branch of defendant's argument is overruled, while the two remaining branches are sustained. Therefore, the judgment of the court of common pleas is reversed and this cause is remanded to

that court for further proceedings consistent with this opinion and the law.

*Judgment reversed and cause remanded.*

STRAUSBAUGH and BRYANT, JJ., Concur.

RADCLIFFE, J., of the Ross County Common Pleas Court, sitting by assignment in the Tenth Appellate District.