OPINION
Defendant, John J.D. Grigsby, appeals from his conviction and sentence for possession of crack cocaine in violation of R.C. 2925.11(A), which were entered on Grigsby's plea of no contest after the trial court denied his motion to suppress evidence.
On June 23, 2000, Trotwood Police Officer Matthew Haines was dispatched to a residential address in Trotwood to investigate an uncompleted 911 emergency telephone call from that location. Haines arrived to find two other officers talking to a woman, and they appeared ready to leave the scene. Haines also noticed an automobile parked in the street at an angle to the curb, its rear wheels approximately twenty-six inches away from the curb.
Haines concluded that the vehicle was parked illegally. He looked inside, suspecting from its condition and location that the car might have been stolen and left there. As he examined the vehicle's interior through its windows, Haines saw a clear plastic bag containing a small quantity of marijuana in plain view on the floor near the driver's seat. Haines opened the driver's door and seized the baggie.
Grigsby then emerged from the home in front of which the car was parked, yelling and screaming. Grigsby asked Officer Haines what he was doing around his car. Officer Haines asked if the car was his, and Grigsby acknowledged that it was. When the officer held up the baggie containing marijuana and asked whether it was Grigsby's, Grigsby said that it was also his. (T. 13). After that admission, and possibly because Grigsby was argumentative, Officer Haines arrested Grigsby for possession of drug paraphernalia. The paraphernalia was the plastic bag containing marijuana.
Officer Haines concluded that Grigsby's car was a safety hazard as it was parked, and he asked Grigsby who might move it. Grigsby indicated that his aunt, who was inside the house, could. Officer Haines approached Grigsby's aunt, but he concluded that she was too intoxicated for the task. He then decided to impound the vehicle and have it towed. Officer Haines searched the vehicle first, pursuant to the policy of the Trotwood Police Department. The search revealed crack cocaine under a compact disc case on the floor of the car, between the front seats.
Grigsby was subsequently indicted on one count of possession of crack cocaine in violation of R.C. 2925.11(A). He moved to suppress any evidence of the crack cocaine found in his car, arguing that the search that yielded it was unlawful.
R.C. 2925.14(C)(1), which prohibits possession of drug paraphernalia, is a misdemeanor of the fourth degree. The basis of that charge in this instance was the plastic bag containing marijuana found in Grigsby's car. The small quantity of marijuana in the bag, less than 100 grams, rendered possession of the drug itself but a minor misdemeanor. R.C.2925.11(C)(3)(a). Per R.C. 2935.26(A), and absent certain exceptions which do not apply here, law enforcement officers may not arrest for minor misdemeanor violations but must instead issue a citation.
Grigsby argued in the trial court, inter alia, that the inventory search of his vehicle was unlawful because he should have been cited for the minor misdemeanor of possessing marijuana instead of arrested for the fourth degree misdemeanor of possessing drug paraphernalia, which was a necessary predicate for the impoundment and inventory search. The trial court denied the motion to suppress, relying on the rule announced in State v. Boone (1995), 108 Ohio App.3d 233, State v. Harris (April 21, 1993), Lorain App. Nos. 92CA005429 and 92CA005454, unreported, and State v. Halt (Dec. 29, 1992), Henry App. Nos. 7-92-10 and 11, unreported.
Grigsby filed a timely notice of appeal after his conviction and sentence. He presents a single assignment of error on appeal, which states:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS WHERE THE COURT FOUND THAT A CLEAR PLASTIC BAGGIE CONTAINING A SMALL AMOUNT OF MARIJUANA CONSTITUTED DRUG PARAPHERNALIA AND ALLOWED THE ARREST OF THE DEFENDANT THE SUBSEQUENT SEARCH OF HIS VEHICLE.
The cocaine that Grigsby sought to suppress is crack cocaine that police seized in the course of an inventory search of his vehicle. Police are authorized to inventory the contents of a lawfully impounded vehicle. South Dakota v. Opperman (1976), 428 U.S. 364, 96 S.Ct. 3092,49 L.Ed.2d 1000. A vehicle may be lawfully impounded when it is unlawfully parked or obstructing traffic and its operator is arrested. State v. Gordon (1994), 95 Ohio App.3d 334; State v. Dotson (1990),66 Ohio App.3d 182 . Also, the inventory search must be conducted according to a standardized police policy. South Dakota v. Opperman, supra.
Grigsby does not contend that his vehicle was not parked illegally, and there is evidence that the vehicle's rear tires were situated approximately twenty-six inches out from the curb and into the street. Neither does Grigsby contend that police lacked a standardized policy to conduct the search, or that the search was conducted contrary to that policy. Grigsby's sole contention is that his arrest, which was a necessary predicate to the impoundment that led to the search, was unlawful because, per R.C. 2935.26(A), the officer should have instead issued only a citation for the drug paraphernalia charge.
The trial court held that the citation alternative was not available in this instance because possession of drug paraphernalia, the plastic bag which contained marijuana, is a fourth degree misdemeanor. Grigsby argues that the result is both unreasonable and illogical, because possession of the quantity of marijuana inside the bag is itself but a minor misdemeanor.
R.C. 2925.14(A) defines "drug paraphernalia" to include, inter alia, materials of any kind that are used to store or contain a controlled substance possession of which constitutes a drug offense. Paragraph (10) of that section specifies that such storage containers include "[a] container or device for storing or concealing a controlled substance." It is undisputed that the plastic baggie containing less than 100 grams of marijuana that Officer Haines found in Grigsby's car satisfies that definition. Therefore, per paragraph (F)(1) of R.C. 2925.14, possession of the bag itself is a fourth degree misdemeanor, for which a citation is not required.
Grigsby argues that application of R.C. 2925.14(A) in an instance of this kind of "bootstrap" from a minor misdemeanor into an arrestable offense defeats the intention of the General Assembly to de-criminalize possession of very small quantities of marijuana, which it manifested when it made possession of the marijuana itself a minor misdemeanor. He points to State v. Boone, supra, in which the First District Court of Appeals, though it sustained a conviction on similar facts, observed that application of the drug paraphernalia statute in this way is absurd, but that "this particular absurdity must have been intended by the legislature . . ." Id., at p. 238.
Implicit in Grigsby's argument is the notion that the wrongful purpose involved in possession of a container of illegal drugs can be no greater than the wrongful purpose involved in possession of the illegal drugs inside, which according to the classifications set up in R.C. 2925.11 is determined by the identity of the prohibited substance involved and its bulk amount. That does not necessarily follow, however, when the unused capacity of the particular container might accommodate a greater bulk amount of the prohibited substance inside. Neither does it follow when a trace amount of a prohibited substance is found on an article, such as a scales, that can be used over and over to facilitate illegal use of a great quantity of the prohibited substance. In other words, the mens rea manifested by possession of drug paraphernalia is not necessarily determined by the particular bulk amount of drugs found inside or on the article involved.
Grigsby also argues that application of the drug paraphernalia statute in this way might extend to the paper wrapper on a "joint" of marijuana, possession of which the General Assembly has "decriminalized." We observe that possession of the quantity of marijuana ordinarily involved, even if less than 100 grams, is not "decriminalized," but remains a minor misdemeanor offense. R.C. 2925.11(C)(3)(a). Further, whether a paper wrapper that is a part of the "joint" itself and which ordinarily is consumed with the marijuana is a "container" for purposes of R.C. 2925.14
is not an issue which, on the facts before us, we are required to determine.
The assignment of error is overruled. The judgment from which this appeal was taken will be affirmed.
 __________ GRADY, J.,
WOLFF, P.J. and BROGAN, J., concur.