The STATE of Ohio, Appellee,

v.

BOONE, Appellant.

[Cite as *State v. Boone* (1995), 108 Ohio App.3d 233.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–950168, C–950169, C–950170.

Decided Dec. 29, 1995.

*Joseph P. Deters,* Hamilton County Prosecuting Attorney, and *L. Susan Laker,* Assistant Prosecuting Attorney, for appellee.

*H. Fred Hoefle,* for appellant.

PAINTER, Judge.

Defendant-appellant Leroy Boone, Jr., appeals from the judgments of the trial court convicting him of drug abuse, criminal trespass and possession of drug paraphernalia. In six assignments of error, Boone alleges that (1) the sentenced meted out by the trial court with respect to the offense of drug abuse, a minor misdemeanor, was contrary to law; (2) the charging instrument regarding the offense of criminal trespass failed to allege a criminal offense under Ohio law; (3) insufficient evidence was adduced at trial to support Boone's convictions for criminal trespass and possession of drug paraphernalia; (4) Boone's convictions for criminal trespass and possession of drug paraphernalia were contrary to the manifest weight of the evidence; (5) the trial court improperly sentenced Boone to a period of confinement without securing a knowing, intelligent and voluntary waiver of assigned counsel; and (6) the trial court erred in denying Boone's motion to suppress without first conducting a hearing.

On December 16, 1993, police officer Michael Watson of the St. Bernard police department noticed a vehicle traveling north on Vine Street in Hamilton County, Ohio, at what he perceived to be a high rate of speed. Watson followed the vehicle for an unspecified period of time. After observing the vehicle make an improper lane change to the right, and after receiving information from a dispatcher that there was an outstanding warrant on the vehicle, Watson decided to stop the vehicle to further investigate the matter. Watson testified that when he activated his siren, the driver, Boone, looked back and then "hit his brakes." Shortly thereafter, Boone brought his vehicle to a stop in a parking lot owned and operated by Procter & Gamble Company ("P & G"). Watson explained the situation to Boone and then asked him to step outside the vehicle. Watson performed a pat-down of Boone's person and then, pursuant to the warrant, placed him under arrest. Inside the vehicle, Watson discovered two small plastic bags, one containing marijuana and the other marijuana residue.

Boone was subsequently charged with drug abuse, possession of drug paraphernalia and criminal trespass. After a bench trial, Boone was found guilty as charged.

For purposes of clarity, our examination of the assignments of error will depart from the order in which they have been advanced in Boone's brief.

In his first assignment of error, Boone alleges that the trial court erred when, with respect to the offense of drug abuse, a minor misdemeanor, it imposed a sentence greater than that allowed by law. We agree.

The record reveals that Boone was charged with and convicted of drug abuse, which, under the facts of the case, constituted a minor misdemeanor. Under R.C. 2925.11(E)(1), such an offense is punishable by a mandatory fine of $100. The trial court, however, ordered that Boone serve a period of incarceration of one hundred eighty days and pay a $200 fine. It is manifest, therefore, as the parties agree, that the sentence meted out by the trial court for the offense of drug abuse was erroneous. Thus, the sentence on that charge is hereby vacated and the matter is remanded to the trial court for purposes of resentencing.

In his third and fourth assignments of error, Boone alleges that his convictions for criminal trespass and possession of drug paraphernalia were contrary to the weight and sufficiency of the evidence adduced at trial.

"In a criminal case a verdict cannot be said as a matter of law to be manifestly against the weight or sufficiency of the evidence, where substantial evidence is offered by the state in support of all of the elements of the offenses charged, and if such evidence was of sufficient probative value to sustain a conviction, the reviewing court will not reverse on the sufficiency or weight of

evidence." *State v. Barnes* (1986), 25 Ohio St.3d 203, 209, 25 OBR 266, 271, 495 N.E.2d 922, 927.

■ Our review of these assignments will begin with an examination of the evidence offered by the state to support its charge of criminal trespass. In its complaint, the state averred that Boone, without permission or valid purpose, knowingly trespassed on the property of P & G. This language loosely corresponds with R.C. 2911.21(A)(2), which provides that:

"No person, without privilege to do so, shall do any of the following:

"* * *

"Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows he is in violation of any such restriction or is reckless in that regard[.]"

The parties and the trial court seemed to get "hung up" on whether Boone was an employee of P & G, thus having permission to be on the property. It strains common sense, however, to believe that this issue is determinative of the matter.

While it is true that Boone's claim of employment at P & G on the day in question was unsubstantiated, it is manifest that his act of directing his vehicle into the parking lot was a conditioned response to the police officer's obvious order to stop the vehicle. Indeed, the evidence does not demonstrate that Boone knowingly acted in a manner that was violative of the restrictions set forth in the statute, or that his behavior was reckless. To the contrary, Boone's purpose in entering the premises was simply to comply with a valid command of a police officer, and in doing so, he created a safer location for Watson to conduct the traffic stop. Applying the state's interpretation of the statute in its strictest form would subject a person to a charge of criminal trespass if, for reasons of safety, he chose to move his malfunctioning vehicle from a busy roadway onto the safer confines of a private parking lot. Under the circumstances of this case, we hold that Boone's conviction for criminal trespass was contrary to the weight and sufficiency of the evidence adduced at trial.

■ Boone also challenges the weight and the sufficiency of the evidence to support his conviction for possession of drug paraphernalia. Under R.C. 2925.14(A)(10), drug paraphernalia includes "[a] container or device for storing or concealing a controlled substance." At issue here is whether the plastic bag or bags containing the marijuana or residue are containers as defined under the statute. One court, in *State v. Harris* (Apr. 21, 1993), Lorain App. No. 92CA005429, unreported, 1993 WL 120346, addressed a similar question and determined that a plastic bag holding several pieces of crack cocaine was a

container for purposes of R.C. 2925.14(A)(10). Finding the reasoning in *Harris* to be apposite here, and considering the testimony of Watson on this issue, we are satisfied that the state offered substantial evidence in support of all of the elements of the offense of possession of drug paraphernalia, and that such evidence was of sufficient probative value to sustain the conviction. *State v. Barnes, supra,* 25 Ohio St.3d 203, 25 OBR 266, 495 N.E.2d 922. Though the result—that the possession of the *drug itself* is a minor misdemeanor, while possession of the bag in which it is carried is a misdemeanor of the fourth degree—is absurd, this particular absurdity must have been intended by the legislature, and we cannot depart from the plain meaning of the statute.

In his second assignment of error, Boone alleges that with respect to the charge of criminal trespass, the complaint failed to allege a cognizable offense under Ohio law. We decline to address the merits of this assignment since it is rendered moot by our disposition of the third and fourth assignments of error. App.R. 12(A)(1)(c).

In his fifth assignment of error, Boone alleges that the trial court improperly sentenced him to a period of incarceration without first securing a knowing, intelligent and voluntary waiver of assigned counsel. In essence, Boone argues that the trial court forced him to proceed to trial without counsel. This assignment is without merit.

The basic right to counsel, in cases involving both felonies and misdemeanors, is well recognized, but that right must be considered along with the need for the efficient and effective administration of criminal justice. *State v. Wagner* (1993), 88 Ohio App.3d 27, 623 N.E.2d 104; *State v. Crebs* (1987), 42 Ohio App.3d 50, 536 N.E.2d 52; *State v. Hook* (1986), 33 Ohio App.3d 101, 514 N.E.2d 721. "[W]hen a defendant refuses to take effective action to obtain counsel, and on the day of trial requests a continuance in order to delay the trial, the court may, under proper conditions, be permitted to infer a waiver of the right to counsel." *Id.* at 103, 514 N.E.2d at 723. In doing so, the court must consider the total circumstances of the case, including the background, experience, and conduct of the accused person. *Id.*

The record in the instant case reveals that the trial court afforded Boone ample time and opportunity, through various continuances, to secure legal counsel. For reasons known only to Boone, he failed to take the necessary steps to enjoy this basic right, and on the day of trial he did not ask for another continuance to obtain counsel. We hold, therefore, that Boone, by inference, waived his right to legal representation, and that the trial court, by calling the matter to trial, lawfully provided the litigants with the effective and efficient administration of justice.

In his sixth assignment of error, Boone alleges that the trial court erred in overruling his motion to suppress evidence without conducting a hearing. This assignment is overruled.

"In order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." *State v. Shindler* (1994), 70 Ohio St.3d 54, 636 N.E.2d 319, syllabus.

In this case, the motion to suppress filed by Boone, drafted in boilerplate form, does not contain a single factual allegation to support his claims and, without question, did not place the prosecutor or the trial court on notice of the issues to be decided. An evidentiary hearing on the motion was not, therefore, required.

Accordingly, the trial court's judgment convicting Boone of criminal trespass in appeal No. C–950169 is reversed and he is discharged from further prosecution on that charge. Moreover, the trial court's imposition of sentence with respect to the offense of drug abuse, in appeal No. C–950168, is vacated and the cause is remanded to the trial court for purposes of resentencing. The judgment of the trial court convicting Boone of possession of drug paraphernalia, in appeal No. C–950170, is affirmed.

*Judgment accordingly.*

DOAN, P.J., and SUNDERMANN, J., concur.