DECISION.
Defendant-appellant Jerome Treadwell, III, challenges the trial court's denial of his motion to suppress evidence.[1] Treadwell claims that the trial court erred (1) in finding that he had no standing to challenge a vehicle search; (2) in refusing to suppress tape-recorded telephone conversations; and (3) in refusing to suppress his oral statements to police. We find no merit to Treadwell's assignments of error and affirm the judgment of the trial court convicting him of two drug offenses.
 1. Factual Background
A confidential informant advised officers of the Regional Enforcement Narcotics Unit that a man from Dayton, Ohio, wanted to sell a large quantity of cocaine to the informant. The officers soon identified Treadwell as the seller and obtained a description of the vehicle that he would be driving and its license plate number, as well as Treadwell's telephone number. The informant gave permission to the officers to record telephone conversations between himself and Treadwell. The officers then recorded conversations in which Treadwell agreed to drive to Cincinnati to sell five ounces of crack cocaine to the informant.
In one telephone call, Treadwell told the informant that he was on his way to meet him at the agreed location, but said that he had been delayed due to a babysitter problem. In another call, Treadwell said that he was in the area and would arrive at the agreed location within a few minutes. Shortly after that call, Treadwell arrived at the location in the same vehicle that had been described to police. The informant, who was wearing a transmitter and was being videotaped by police, made contact with Treadwell. When the informant entered Treadwell's vehicle, Treadwell showed him two plastic bags of cocaine in the console area of the vehicle. As Treadwell began to drive away, the officers stopped him, got him out of the vehicle, and took the cocaine from the console area.
Treadwell was charged with possession of crack cocaine and trafficking in crack cocaine. Both charges were felonies of the first degree and carried major-drug-offender specifications. Treadwell filed a motion to suppress the evidence seized from the car, the tape recordings of the telephone conversations, and the statements he later made to police. After the trial court denied the motion to suppress, Treadwell entered a no-contest plea to both charges and the specifications. The trial court found him guilty and sentenced him to ten years' incarceration on each charge, to run concurrently.
 2. Assignments of Error
In his first assignment of error, Treadwell argues that the trial court erred in ruling that he lacked standing to assert a challenge to the search of the vehicle from which the cocaine was recovered, because the evidence showed that he had the owner's permission to use the vehicle. The state concedes that the trial court's ruling on standing was incorrect, but argues that the search was justifiable on other grounds. It is well established that we are permitted to affirm a correct judgment, even though it has been entered for the wrong reason, as only prejudicial error is reversible. See, e.g., Nadel v. Burger King Corp.
(1997), 119 Ohio App.3d 578, 585, 695 N.E.2d 1185, 1189, citing Cook v.Cincinnati (1995), 103 Ohio App.3d 80, 658 N.E.2d 814.
A driver of a car who shows that he has the owner's permission to drive the car has a reasonable expectation of privacy in the car and thus has standing to challenge its stop and search. State v. Carter (1994),69 Ohio St.3d 57, 63, 630 N.E.2d 355, 360, citing United States v.Rubio-Rivera (C.A.10, 1990), 917 F.2d 1271, 1275; see, also, State v.Hill (Nov. 7, 1997), Hamilton App. No. C-960963, unreported. While the trial court erred in this case by finding that Treadwell lacked standing to challenge the search, we agree with the state that the record demonstrates other grounds upon which the search could be justified.
In certain cases involving informants, the information given to the police may be used to establish probable cause to arrest and search suspects for drugs. See, e.g., State v. Walker (July 28, 1998), Franklin App. No. 97APA09-1219, unreported; State v. Colbert (Mar. 7, 1990), Hamilton App. No. C-880471, unreported. This court has explained that "police have probable cause to conduct a search for contraband when detailed information provided to them by a confidential but reliable informant is subsequently corroborated, in some significant combination, with respect to the name or physical description of a suspect, the location of the illegal sale, the time of the sale, the description of the automobile driven by the suspect or the car's license plate numbers."Colbert, supra, citing State v. Bronner (Aug. 16, 1989), Hamilton App. No. C-880364, unreported; State v. Roll (Aug. 31, 1988), Hamilton App. No. C-870625, unreported; State v. Darding (June 3, 1987), Hamilton App. No. C-860514, unreported; State v. Traver (Octo. 19, 1983), Hamilton App. No. C-820410, unreported.
In this case, the record demonstrates that the informant had proved to be reliable and cooperative in the past. The details of the informant's tip were corroborated with respect to Treadwell's identity, the location of the drug sale, the description of the vehicle used by Treadwell and its license plate number, as well as Treadwell's telephone number. Moreover, Treadwell was observed as he showed the informant two plastic bags containing approximately five ounces of crack cocaine. The corroboration of the informant's detailed information provided the police officers with probable cause to search the vehicle for contraband. Accordingly, Treadwell's first assignment of error is overruled.
In his second assignment of error, Treadwell argues that the trial court erred in failing to suppress taped telephone conversations, which he now asserts were obtained in violation of his rights "under federal and state wiretap laws." Yet Treadwell cites only state wiretap laws and fails to cite any such federal laws. The record indicates that the informant had given consent to the police officers' recording of his telephone conversations with Treadwell. "Neither the federal constitution nor state law requires the suppression of evidence obtained by the warrantless recording of a telephone conversation between a consenting police informant and a non-consenting defendant." State v. Geraldo
(1981), 68 Ohio St.2d 120, 429 N.E.2d 141, syllabus, citing United Statesv. White (1971), 401 U.S. 745, 91 S.Ct. 1122. Therefore, Treadwell's second assignment of error is overruled.
In his third assignment of error, Treadwell argues that his statements to the police should have been suppressed because the state failed to prove that he had knowingly and voluntarily waived his Miranda rights before making the statements. The record demonstrates that Treadwell signed an "Advice of Rights" form indicating that he understood what his rights were. Treadwell also indicated orally that he understood his rights, but the record fails to indicate whether Treadwell expressly waived those rights either orally or in writing.
In State v. Scott (1980), 61 Ohio St.2d 155, 400 N.E.2d 375, syllabus, the Supreme Court of Ohio held,
 An express written or oral statement of waiver of the right to remain silent or the right to counsel is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver. The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in Miranda * * *.
Whether a waiver is knowing and voluntary depends on the totality of the circumstances. See State v. Dennis (1997), 79 Ohio St.3d 421, 425,683 N.E.2d 1096, 1102; State v. Smith (1991), 61 Ohio St.3d 284, 288,574 N.E.2d 510, 515. In a recent decision of this court, we held that where the defendant had been informed orally and in writing of her rights, and she had indicated orally and in writing that she understood those rights, and did not indicate an unwillingness to talk to police, the trial court did not err in concluding that the defendant had knowingly and voluntarily waived her rights. State v. Moore (Sept. 29, 2000), Hamilton App. No. C-990739, unreported, discretionary appeal not allowed (2001), 91 Ohio St.3d 1417, 741 N.E.2d 143, citing Scott, supra, at syllabus. The state was not required to show that the defendant had specifically signed a written waiver of her rights or had explicitly stated that she agreed to waive her rights. Id. On the strength of these authorities, Treadwell's third assignment of error is overruled.
We note that, before the hearing on Treadwell's motion to suppress evidence, the prosecution objected to the hearing because Treadwell's motion was incomplete in that it had failed to put the prosecution on notice of the basis for his challenge. The trial court overruled the prosecution's objection and proceeded to take evidence on Treadwell's motion.
The Supreme Court of Ohio has held that, in order to suppress evidence obtained from a warrantless search, the defendant must not only demonstrate that there was no warrant, but must also raise the grounds upon which he challenges the validity of the search or seizure in such a manner that the prosecutor has notice of the basis for the challenge.Xenia v. Wallace (1988), 37 Ohio St.3d 216, 524 N.E.2d 889; see, also, Crim.R. 47. The Wallace court stated,
 [T]he prosecutor cannot be expected to anticipate the specific legal and factual grounds upon which the defendant challenges the legality of a warrantless search. The prosecutor must know the grounds of the challenge in order to prepare his case, and the court must know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits. Therefore, the defendant must make clear the grounds upon which he challenges the submission of evidence pursuant to a warrantless search or seizure. [Citations omitted.]
Id.
Moreover, a motion to suppress evidence must "be supported by a memorandum containing citations of authority * * *." See Crim.R. 47. A hearing is not required on a motion to suppress evidence unless the defendant has stated the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided. See State v. Shindler (1994), 70 Ohio St.3d 54,636 N.E.2d 319, syllabus.
Treadwell failed to support his motion to suppress evidence with a memorandum containing citations of authority and failed to state with particularity the factual and legal bases for his challenge. See, e.g.,Xenia, supra; Shindler, supra; State v. Boone (1995), 108 Ohio App.3d 233,239, 670 N.E.2d 527, 530-531. Under these circumstances, the trial court was not even required to hold a hearing on the motion.
Accordingly, the judgment of the trial court is affirmed.
 _________________ Winkler, Judge.
 Sundermann, P.J., and Shannon, J., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] We have sua sponte consolidated the appeal numbered C-000497, filedpro se, with the appeal numbered C-000521, filed by Treadwell's counsel.