[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Ronald L. Woods was convicted on a single count of engaging in a corrupt activity in violation of R.C. 2923.32, three counts of complicity in receiving stolen property, and four counts of the crimes that also served as the predicate crimes to the corrupt-activity count. On direct appeal from that conviction, this court held that the trial court had acted in contravention of R.C. 2923.32, when it imposed a financial sanction upon the corrupt-activity conviction without first holding a hearing. Thus, while our disposition of the other assignments of error led us to "affirm [the judgment of conviction] in all [other] respects," we "vacate[d] the trial court's findings on the financial matters" and "remanded for the limited purpose of conducting a hearing on the financial sanction in accordance with statute." See State v. Dockery
(Sept. 5, 1997), Hamilton App. No. C-950954, unreported.
On remand, following an evidentiary hearing, the trial court imposed a financial sanction in the amount of $622,203.69. On appeal from that entry, the appellant advances six assignments of error.
We overrule the first assignment of error, in which the appellant contends that the common pleas court effectively denied him the hearing contemplated by R.C. 2923.32, and by this court on remand, when "the record does not reflect that the trial court reviewed the evidence" before imposing the sanction. Although the judge who presided over the financial-sanction hearing had not presided over the appellant's trial, he had presided over all postconviction proceedings, and the record contains no suggestion of any material deficiency in his knowledge of the proceedings at trial. Therefore, the record does not manifest the error of which the appellant now complains.
We overrule the second, third, and fifth assignments of error, which challenge the trial court's denial of the "motion[s]" presented by the appellant in the proceedings below, seeking the "dismiss[al]" of the "criminal proceedings" against him on the grounds (1) that the evidence adduced at trial was insufficient as a matter of law to prove an "enterprise," (2) that the common pleas court lacked subject-matter jurisdiction because his prosecution was instituted by an indictment rather than by a complaint, and (3) that the court below lacked subject-matter jurisdiction because the statute of limitations barred his prosecution. The appellant failed to present these challenges at trial or on direct appeal. In that first appeal, we vacated the judgment of conviction to the limited extent that it imposed a financial sanction, but affirmed the judgment in all other respects, and remanded the case to the common pleas court "for the limited purpose of conducting a hearing on the financial sanction in accordance with statute." Although jurisdictional defects in the proceedings resulting in a judgment of conviction may be raised at any time, the defects alleged in the second, third, and fifth assignments of error were not jurisdictional. See Stateex rel. Beaucamp v. Lazaroff (1997), 77 Ohio St.3d 237, 238,673 N.E.2d 1273, 1274 ("The manner by which an accused is charged with a crime, whether by indictment returned by a grand jury or by information filed by the prosecuting attorney, is procedural rather than jurisdictional."); State v. Brown (1988), 43 Ohio App.3d 39, 43,539 N.E.2d 1159, 1163 (in which this court held that "R.C. 2901.13 is not a statute of repose nullifying prosecutions by way of an absolute bar, but * * * is a statute of limitations not going to the jurisdiction of the trial court"). Therefore, the limited nature of our mandate on remand deprived the court below of the authority to grant the relief sought.
We also overrule the appellant's fourth assignment of error, in which he contends that the common pleas court erred in conducting the financial-sanction hearing without first securing his waiver of his right to counsel. From the totality of the circumstances disclosed on the record of the proceedings below, the only inference to be drawn is that the appellant knowingly, voluntarily, and intelligently waived his right to be represented by counsel at the hearing. See State v. Boone (1995),108 Ohio App.3d 233, 238, 670 N.E.2d 527, 530. Moreover, Crim.R. 44 did not operate to require that the waiver be in writing, because the record only permits the conclusion that the appellant was not "unable to obtain counsel." See Crim.R. 44(A).
Finally, we overrule the sixth assignment of error, upon our determination that the trial court properly declined to rule upon the appellant's motion, submitted at the financial-sanction hearing, seeking dismissal of the proceedings on the ground that the items that might have ultimately been subject to forfeiture to satisfy the financial sanction had been seized by law enforcement authorities in violation of the Fourth Amendment. The issue at the hearing on remand was, by its terms, limited to the amount of the financial sanction to be imposed pursuant to R.C.2923.32, and the state had not sought, as it could not have sought, to execute on the resulting judgment.
Therefore, we affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.