DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Tonisha L. Wright, appeals from the judgment of the Summit County Court of Common Pleas that convicted her of assault on a peace officer and obstructing official business. We affirm.
 {¶ 2} On April 6, 2004, the Summit County Grand Jury indicted Ms. Wright of one count of assault, in violation of R.C. 2903.13(A), a fourth degree felony; obstructing official business, in violation of R.C.2921.31(A), a second degree misdemeanor; and domestic violence, in violation of R.C. 2919.25(A), a first degree misdemeanor. Ms. Wright pled not guilty to the charges.
 {¶ 3} Thereafter, the domestic violence charge was dismissed, and the matter proceeded to trial on the remaining counts. A jury found Ms. Wright guilty of assault against a peace officer and obstructing official business. The trial court sentenced Ms. Wright to six months incarceration for the assault charge, and ninety days for the obstruction charge, to be served concurrently. This appeal followed.
 {¶ 4} Ms. Wright timely appealed, asserting three assignments of error for review.
 ASSIGNMENT OF ERROR I
"The trial court erred in failing to grant a continuance when defendant's subpoenaed witness failed to appear for the trial."
 {¶ 5} In her first assignment of error, Ms. Wright contends that the trial court erred in failing to grant her request for a second continuance during trial to procure a witness. We disagree.
 {¶ 6} The decision to grant or deny a continuance rests within the sound discretion of the trial court. Ungar v. Sarafite (1964),376 U.S. 575, 589, 11 L.Ed.2d 921; State v. Komadina, 9th Dist. No. 02CA008104, 2003-Ohio-1800, at ¶ 30, citing State v. Unger (1981),67 Ohio St.2d 65, 67. Thus, an appellate court must not to reverse the denial of a continuance without an abuse of discretion. Id. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 7} When reviewing a motion for continuance, a court should consider the following factors:
"[T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Unger, 67 Ohio St.2d at 67-68.
In Unger, the Ohio Supreme Court primarily noted that in this evaluation, "[w]eighed against any potential prejudice to a defendant are concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." Id. at 67.
 {¶ 8} The evening before the second day of trial, defense counsel conversed with the witness that he wished to produce at trial. It was counsel's understanding that the witness agreed to come to court the next day and that he would serve her with a subpoena at that point. However, the witness failed to appear the second day of trial. The defense requested a continuance in order to produce this witness. The trial court granted the continuance, giving the defense until the following morning to provide the witness.
 {¶ 9} The following day, the witness failed to appear again. Counsel asked for a second continuance, asserting that he effectuated service of the subpoena by slipping it under the witness' apartment door and that he left messages on her answering machine. The court summarily denied the request, noting that the court had already provided the defense with an opportunity to produce the witness.
 {¶ 10} We note that it does not appear from the record that all of the procedural requirements for issuing a subpoena were complied with, as we find no return of service of the subpoena was filed by defense counsel. See Crim.R. 17(D); State v. Bates (Dec. 14, 1988), 9th Dist. No. 13646, at 3 (trial court did not err in refusing to compel the attendance of a witness because return of service was never filed with the clerk of courts). Even had all of the procedural requirements been met, however, the court had already granted a continuance for the production of this witness. See Unger, at 67. See, e.g., Elliott v. Burden (Aug. 18, 1993), 1st Dist. No. C-920365, at 7. Additionally, counsel did not indicate how much time he would need to procure the witness. See, e.g., State v.Adkins, 6th Dist. No. L-02-1190, 2003-Ohio-7520, at ¶ 62; Komadina at ¶ 34.
 {¶ 11} Ms. Wright urges us to follow State v. Holmes (1987),36 Ohio App.3d 44, and reverse the trial court's denial of the second continuance. In Holmes, the appellate court concluded that the trial court abused its discretion in denying a continuance to procure a witness because defendant had a legitimate basis for the continuance. Id. at 48-49. The court reasoned that the continuance was for a short period of time, the State did not object to the continuance, and that the defendant was deprived of testimony that would have raised doubt as to an issue on a felony charge. Id. at 48. However, in the instant case, it was unclear how long it would take to produce this witness. Furthermore, unlike the defendant in Holmes, Ms. Wright was not effectively deprived of any testimony. Defense counsel in the instant case explained the substance of the potential witness' testimony, stating that she would have testified that she did not observe Ms. Wright kick the police officer as he was placing her in the police cruiser. However, testimony on the same subject was already elicited at trial from another witness, Reshawna Sanders. As such, the witness' testimony would serve no additional purpose and would be merely cumulative. See, e.g., State v. Scott (Apr. 6, 1995), 8th Dist. No. 66846, at 7; Adkins at ¶ 62.
 {¶ 12} In light of the foregoing factors, we find that the trial court did not abuse its discretion in denying this second continuance. Ms. Wright's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court erred in refusing to admit photographs of alleged domestic violence victims in this case when those photographs provided relevant evidence and the substance of the domestic dispute had already been presented to the jury."
 {¶ 13} In her second assignment of error, Ms. Wright asserts that the trial court erred in excluding from evidence three photographs of individuals involved in the domestic violence dispute in this case.
 {¶ 14} We observe that defense counsel failed to make an explicit proffer of these photographs after the trial court ruled to not admit them into evidence. This Court has previously stated:
"In order to preserve error for appeal, a proffer of evidence which was excluded must be made on the record. Evid.R. 103(A)(2). * * * Appellant bears the burden of showing error by reference to matters in the record. When portions of the record necessary for resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon and has no choice but to presume the validity of the lower court's proceedings." State v. Smith (Mar. 24, 1993), 9th Dist. No. 15717, at 8.
 {¶ 15} This Court finds that this issue has not been properly preserved for the purposes of appeal. Ms. Wright's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The court impermissibly used matters outside the record to sentence Ms. Wright in jail in violation of Blakely v. Washington."
 {¶ 16} In her third assignment of error, Ms. Wright asserts that her sentence violates her constitutional rights per Blakely v. Washington
(2004), 124 S.Ct. 2531, 159 L.Ed.2d 403. Specifically, Ms. Wright contends that the trial court made findings of fact on the record to support the sentence which were not determined by a jury.
 {¶ 17} This Court has recently determined that the decision inBlakely is inapplicable to Ohio's sentencing statutes. State v. Jenkins,
9th Dist. No. 22008, 2005-Ohio-11, at ¶¶ 11-23; State v. Rowles, 9th Dist. No. 22007, 2005-Ohio-14, at ¶¶ 11-22. Therefore, Ms. Wright's third assignment of error lacks merit.
 {¶ 18} Ms. Wright's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J., Whitmore, J. Concur