DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Adrian Watson, appeals the decision of the Summit County Court of Common Pleas finding him guilty of tampering with evidence, falsification, and illegal use or possession of drug paraphernalia, and sentencing him to two years in prison. We affirm the decision of the lower court.
 {¶ 2} Defendant was indicted on August 4, 2005 for tampering with evidence, having a weapon under disability, carrying concealed weapons, falsification, and drug paraphernalia. Defendant pled not guilty and the case proceeded to a trial by jury. On October 14, 2005, the jury found Defendant guilty of tampering with evidence, in violation of R.C. 2921.12(A)(1), a third degree felony, falsification, in violation of R.C.2921.13(A)(3), a first degree misdemeanor, and illegal use or possession of drug paraphernalia pursuant to R.C. 2925.14(C)(1), a fourth degree misdemeanor. Defendant now appeals his conviction, asserting three assignments of error, the first two of which we will discuss together.
 ASSIGNMENT OF ERROR I
"The trial court's judgment is against the manifest weight of the evidence and is not supported by the evidence."
 ASSIGNMENT OF ERROR II
"The trial court erred in denying the [Crim.R.] 29 motion for acquittal."
 {¶ 3} In his first two assignments of error, Defendant maintains that his conviction is both unsupported by sufficient evidence and is against the manifest weight of the evidence. We disagree.
 {¶ 4} As an initial matter, we note that Defendant has completed his sentences for both of his misdemeanor convictions. Where a defendant has completed his sentence, `"an appeal [from that sentence] is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."' State v. Berndt (1987), 29 Ohio St.3d 3, 4, quoting State v. Wilson (1975), 41 Ohio St.2d 336, at syllabus. Defendant has not shown any evidence that he will suffer some collateral disability or loss of civil rights as a result of his misdemeanor conviction. Thus, Defendant's assignments of error, as they pertain to his misdemeanors, are moot, and will not be discussed. We will focus our discussion, therefore, on Defendant's felony conviction for tampering with evidence, which Defendant maintains was based upon insufficient evidence and was against the manifest weight of the evidence.
 {¶ 5} When a defendant maintains that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 6} This court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. Id.
 {¶ 7} Defendant was convicted under R.C. 2921.12(A)(1), which provides that:
"No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall * * *
[a]lter, destroy, conceal or remove any * * * thing, with purpose to impair its value or availability as evidence in such proceeding or investigation."
 {¶ 8} Defendant has not presented a challenge to any of the elements of tampering with the evidence. Defendant claims, rather, that the police officers' testimony was incredible, regarding his conviction for tampering with the evidence.
 {¶ 9} In a jury trial, matters of credibility of witnesses are primarily for the trier of fact, therefore, we must give deference to the jurors' judgment. See State v. Lawrence (Dec. 1, 1999), 9th Dist. No. 98CA007118, at 13; State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. We will not overturn the verdict on a manifest weight challenge simply because the jury chose to believe the evidence offered by the prosecution. State v. Merryman, 9th Dist. No. 02CA008109, 2003-Ohio-4528, at ¶ 28. See, also, State v. Warren (1995),106 Ohio App.3d 753, 760.
 {¶ 10} From the evidence presented, the jury could find that Defendant was guilty of tampering with the evidence. James Alexander of the Akron police department testified that he had been dispatched pursuant to an anonymous call reporting a suspicious person in a gray shirt and green pants on Harmon Avenue who had a gun. Officer Alexander and his partner proceeded to Harmon Avenue and saw a man meeting the description of the suspicious person. The officers "observed him put his hands into his pants and make movement back behind [a] dumpster[.]" Officer Alexander heard his partner yell to Defendant to get his hands out of his pants and ordered him to get down on the ground. Defendant was then handcuffed. A gun was found by the dumpster where Defendant had been standing, and when Defendant was searched, the officers found three crack pipes and push rods on him. Defendant gave the officers three different names and three different social security numbers when they asked who he was.
 {¶ 11} Michael Williams was the second police officer dispatched pursuant to the anonymous call reporting a suspicious person carrying a gun on Harmon Avenue. He stated that he and his partner, Officer Alexander, saw a person meeting the description of the suspect (whom he identified as Defendant) and he could see Defendant "digging in the front of his pants." Officer Williams exited the car and "told the suspect to stop. At that point he was already turning away[.] The whole time he was moving away * * * he [was] digging in his pants." He yelled to Defendant "Get your hands out of your pants. Let me see your hands. Get down on the ground, * * * to which [Defendant] did not comply." As Defendant "continued to disobey * * * he went to the rear of the dumpster. * * * [W]hen he got to the rear of the dumpster, [Officer Williams] observed his hand come from his waistline where he was digging and [made a throwing motion]." After Defendant was handcuffed, Officer Williams went to the area where he "saw the pitching motion and [he] found a revolver laying on the ground."
 {¶ 12} Defendant did not present any testimony contradicting the officers' statements; he merely alleges on appeal that their testimony was incredible. As we mentioned above, the jury is in the best position to determine matters of credibility of witnesses, and we must give deference to their judgment.Lawrence at 13. The fact that the jury believed the evidence offered by the prosecution does not provide a basis for us to overturn Defendant's conviction on a manifest weight challenge.Merryman at ¶ 28. The evidence persuades us that the jury neither lost its way nor created a manifest miscarriage of justice in convicting Defendant. Accordingly, Defendant's first two assignments of error are overruled.
 ASSIGNMENT OF ERROR III
"[Defendant] should be granted a new trial due to the ineffective assistance of counsel provided to him by trial counsel."
 {¶ 13} In his final assignment of error, Defendant alleges that he should be granted a new trial because his trial counsel provided ineffective assistance. Specifically, Defendant argues that his trial counsel was ineffective for failing to file a motion to suppress and for failing to obtain a tape of the dispatch call. We disagree.
 {¶ 14} This court employs a two-step process in determining whether a defendant's right to effective assistance of counsel has been violated. Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." (Citations omitted.) State v.Calhoun (1999), 86 Ohio St.3d 279, 289. "This requires a showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." (Citations omitted.) Id. Second, the defendant must show that the deficient performance of counsel prejudiced the defense. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Prejudice exists where there is a reasonable probability that the outcome of the trial would have been different but for the alleged deficiencies of counsel. Id. at paragraph three of the syllabus. Defendant bears the burden of proof, and must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland, 466 U.S. at 687.
 {¶ 15} This Court may dispose of a claim of ineffective assistance of counsel by analyzing only the second prong of the test where defendant fails to show sufficient resulting prejudice. In re J.J., 9th Dist. No. 21386, 2004-Ohio-1429, at ¶ 16.
 {¶ 16} Defendant alleges that his trial counsel was ineffective for failing to file a motion to suppress, however, he does not elaborate on what evidence should have been suppressed, when it should have been filed, or under what legal theory any evidence should have been suppressed. Defendant next argues that his trial counsel was ineffective for failing to obtain a copy of the tape containing the anonymous call which led to the police being dispatched and subsequently arresting Defendant. As the State pointed out, Defendant cannot show that his trial counsel did not have the tape. However, even if Defendant's trial counsel did not have the tape of the anonymous call, we fail to see how that failure prejudiced Defendant.
 {¶ 17} While Defendant explains actions (or rather lack thereof) by defense counsel he asserts were ineffective, he makes no showing of prejudice. As Defendant has failed to show that any prejudice resulted from his counsel's performance, we overrule his third assignment of error. See Bradley, 42 Ohio St.3d 136, supra.
 {¶ 18} Defendant's three assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J., Boyle, J., Concur.