DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Garland McCraney, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} At approximately 4:00 a.m. on April 15, 2005, Officer Christopher Seiler and Officer Joe Sidoti were working patrol near Mallison Avenue in Akron when they observed Appellant running through a yard. The officers found this behavior suspicious so they stopped the cruiser, exited, and yelled for Appellant to stop. The officers were in a marked police cruiser and both were in uniform. Appellant observed the officers, but continued to run from them. The officers pursued Appellant. During their pursuit, they repeatedly identified themselves as officers and requested that Appellant stop. After a few hundred yards, Appellant stopped, dropped to his stomach, and raised his hands above his head. The officers handcuffed and frisked Appellant. Officer Seiler discovered two credit cards and a driver's license belonging to the victim in this case, Colesia May. The officers arrested Appellant and charged him with two counts of receiving stolen property, fifth degree felonies, and one count of obstructing official business, a second degree misdemeanor. Appellant was indicted on these charges on April 25, 2005.
 {¶ 3} As Appellant was deemed indigent, he obtained appointed counsel. On May 3, 2005, Appellant's counsel filed a motion to withdraw, citing Appellant's failure to listen to his advice and insistence that he make frivolous arguments on Appellant's behalf. On May 11, 2005, the trial court appointed Appellant new counsel.
 {¶ 4} Appellant was originally scheduled for trial on July 14, 2005. On July 13, 2005, the trial court continued the trial until August 25, 2005. On the morning of August 25, 2005, Appellant requested that his second appointed counsel withdraw and that he be allowed to proceed pro se. Appellant additionally requested a continuance so that he could prepare for trial. The trial court permitted Appellant to proceed pro se and continued the trial until August 29, 2005.
 {¶ 5} On the morning of August 29, 2005, Appellant again asked for additional time to prepare. The trial court denied Appellant's request and the case proceeded to trial. The jury returned guilty verdicts on all three counts. The trial court consolidated Appellant's two convictions for receipt of stolen property and sentenced him to eleven months incarceration on those convictions and to ninety days incarceration for the obstructing official business conviction. The sentences were to be served concurrently. Appellant filed a timely notice of appeal, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT A REASONABLE CONTINUANCE TO PREPARE HIS CASE FOR TRIAL THEREBY VIOLATING HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS."
 {¶ 6} In Appellant's first assignment of error, he contends that the trial court erred in denying his request for a continuance and thereby denied him the effective assistance of counsel, due process of law and a fair trial. We disagree.
 {¶ 7} The decision to grant or deny a continuance rests within the sound discretion of the trial court. Ungar v.Sarafite (1964), 376 U.S. 575, 589; State v. Komadina, 9th Dist. No. 02CA008104, 2003-Ohio-1800, at ¶ 30, citing State v.Unger (1981), 67 Ohio St.2d 65, 67. Thus, an appellate court must not reverse the denial of a continuance absent an abuse of discretion. Id. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 8} When reviewing a motion for continuance, a court should consider the following factors:
"[T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Unger, 67 Ohio St.2d at 67-68.
 {¶ 9} In this matter, Appellant contends that the first continuance the trial court granted (the three-day continuance) did not afford him enough time to prepare for trial and that the denial of his second motion for continuance violated his Fourteenth Amendment right to due process. He contends that he needed additional time to prepare because of his circumstances, namely that (1) he was incarcerated and therefore did not have access to a law library, (2) he did not possess personal knowledge of the law as he is not an attorney and (3) he did not have sufficient time to gather witnesses and information to aid his defense. He also argues that the trial court failed to set forth a compelling reason to deny the continuance. Appellant asserts that a continuance would not have caused a major inconvenience to the State because it only had three witnesses to present, two of which were police officers for whom future availability would not have been a problem.
 {¶ 10} Appellant cites the Ohio Supreme Court's holding inState v. Sowders (1983), 4 Ohio St.3d 143, 144, that due process dictates that defense counsel be afforded the reasonable opportunity to prepare his case. He urges us that as a pro se litigant, he should be afforded no less opportunity to prepare his case.
 {¶ 11} Despite these contentions, several factors weigh in favor of the trial court's decision to deny Appellant's motion. On the day before trial, August 24, 2005, the trial court told Appellant that his trial was set for the next day. Appellant raised no concern about proceeding to trial with his appointed counsel. Instead, Appellant waited until moments before jury selection was set to begin the next day, August 25, 2005, to inform the court that he wished to proceed pro se. After he waived his right to counsel, Appellant made a motion to continue the trial, which the court granted. The trial court continued the trial until Monday, August 29, 2005. At the court's request, the State then reviewed with Appellant the items contained in the case file it had produced during discovery. Appellant had insisted that the police car involved may have been equipped with video equipment. Officer Sidoti explained to Appellant that none of the police cars involved with the case had video or audio recording equipment. The State's case file contained copies of the exhibits, arrest report, incident reports, warrant documents, the summons and Akron Municipal Court records including booking records and property inventory. Appellant was given the opportunity to review all of these documents. On the day of trial, Appellant requested another continuance, which the court denied. See State v. Rosales, 3d Dist. No. 14-05-19,2005-Ohio-6172, at ¶ 12-14 (finding that trial court did not abuse its discretion in denying pro se defendant's motion for a continuance which he raised during a pretrial conference held moments before trial was set to begin); State v. Gasnik (1998),132 Ohio App.3d 612, 615.
 {¶ 12} Moreover, a decision to grant a continuance on the day trial was set to begin would have resulted in a substantial inconvenience to all. Rosales, supra, at ¶ 14. A jury had been summoned and was waiting to hear the case. The trial court had already granted Appellant one continuance, despite the fact that it had cleared its calendar for Appellant's trial. The court would have endured further inconvenience if it had granted Appellant's second motion for continuance as it had once again cleared its calendar for Appellant's trial. Perhaps more importantly, Appellant did not explain to the court how he would have used a continuance to further his defense. Appellant did not identify any evidence or witnesses he would have presented if he had additional time to prepare. On appeal, Appellant has again failed to explain how this additional time would have bolstered his defense. In addition, Appellant did not identify the length of the continuance he sought. Appellant just repeatedly stated that he needed "more time to prepare" and that he would "be more prepared to defend [himself] at a later time." He also stated that he did not "want no years," but that he needed "a little bit more time than [Monday, August 29, 2005]." This Court has affirmed the denial of a second motion for continuance where a defendant failed to indicate the length of the continuance he sought. State v. Wright, 9th Dist. No. 22314, 2005-Ohio-2158, at ¶ 10.
 {¶ 13} The facts reflect that Appellant's case was not particularly complicated. The police observed Appellant running away from them, ignoring their requests that he stop. Once Appellant finally stopped running from the police, they frisked him and discovered stolen items on his person. Appellant's defense is that corrupt police officers planted stolen items on him.
 {¶ 14} We find the timing of the motion for continuance to be questionable. Appellant unquestionably contributed to the circumstances giving rise to the request for a continuance by waiting until the day of trial to request that his counsel withdraw and that he be permitted to proceed pro se. Given the circumstances and relative simplicity of the facts surrounding Appellant's charges, the trial court did not abuse its discretion in denying his motion for a continuance. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE STATE FAILED TO INTRODUCE SUFFICIENT EVIDENCE TO CONVICT APPELLANT OF OBSTRUCTING OFFICIAL BUSINESS THEREBY VIOLATING HIS DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT."
 {¶ 15} In his second assignment of error, Appellant contends that the State failed to introduce sufficient evidence to convict him of obstructing official business. On September 7, 2005, Appellant was sentenced to ninety days on the obstruction of official business offense to be served concurrently with the eleven month sentence on the receipt of stolen property charges. The State argues that Appellant has completed his sentence for his misdemeanor conviction and that his appeal is now moot. At oral argument, Appellant conceded this point.
 {¶ 16} Where a defendant has completed his sentence, `"an appeal [from that sentence] is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."' (Alterations sic). State v.Watson, 9th Dist. No. 22958, 2006-Ohio-2406, at ¶ 4, quotingState v. Berndt (1987), 29 Ohio St.3d 3, 4. Thus, Appellant's second assignment of error is moot, and will not be discussed.
 III. {¶ 17} Appellant's first assignment of error is overruled. Appellant's second assignment of error is moot. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Whitmore, J. Concur.