DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant M.P. appeals from the decision of the Lorain County Court of Common Pleas denying his motion for a new trial. We affirm.
 {¶ 2} Defendant operated in the City of Lorain as a private building contractor. On January 25, 2005, a complaint was filed against Defendant by the Prosecutor for the City of Lorain alleging three counts, each a misdemeanor in the first degree: failure to comply with contractor registration and requirements, in violation of Lorain City Ordinance 1501.09; failure to comply with the permit application requirement in violation of Lorain City Ordinance 1507.03; and falsification, in violation of R.C.2921.13.
 {¶ 3} On February 25, 2005, Defendant was arraigned and pled not guilty on each count. The record clearly reflects that a pre-trial hearing was set by the court for April 4, 2005. At that hearing, the court set the case for trial on May 26, 2005. On the morning of the May 26 trial, Defendant moved for a continuance, stating that he was in the process of retaining counsel and needed more time. The court granted the continuance, and set the trial for June 30, 2005. On the day of trial, Defendant once again moved the court for a continuance on the grounds that his retained counsel could not be present, and the court rescheduled the trial for July 27, 2005, noting on the order that no further continuances would be granted.
 {¶ 4} On the morning of July 26, 2005, Defendant's attorney filed a notice of appearance on behalf of Defendant, a full month after Defendant claims he had retained his attorney. The attorney made a contemporaneous request that the court once again continue the trial because he would be out of town on July 27. The court denied this request, and on July 27, required Defendant to proceed with the bench trial without counsel. The court heard the evidence and found Defendant guilty on all counts. It then sentenced Defendant to jail time and imposed a fine. Defendant, represented by new counsel, moved the court for a new trial. The motion was heard by the court in an August 17, 2005 hearing, and was denied.
 {¶ 5} Defendant timely appeals the denial of his request for a continuance, and raises one assignment of error:
 ASSIGNMENT OF ERROR
"The trial court erred by forcing [Defendant] to proceed at trial without his retained counsel and, thus, violated [Defendant's] right to counsel under the Sixth andFourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution."
 {¶ 6} Defendant argues that the trial court's refusal to grant him a continuance denied him his constitutional rights to counsel and due process. Specifically, Defendant challenges the trial court's determination not to grant Defendant's motion for a continuance on July 27, 2005, and argues that he had not waived his right to counsel and could not be compelled to proceed to trial without representation. In the appendix to his brief, Defendant attached the trial court's order denying his motion for a new trial, but the focus of the argument in his brief is the trial court's denial of his request for a continuance. We will address each ruling individually.
 A. Denial of Defendant's Motion for Continuance {¶ 7} A trial court's decision to deny a party's request for a continuance is reviewed for abuse of discretion. "There is broad discretion granted to a trial court with regard to the decision to grant or deny a continuance." City of Elyria v.Sweeney (Dec. 20, 2000), 9th Dist. No. 00CA007581, at *1, citingState v. Unger (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078, syllabus. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freemanv. Crown City Mining, Inc. (1993), 90 Ohio App.3d 546, 552,630 N.E.2d 19.
 {¶ 8} While an individual does have a right to counsel under the Sixth Amendment of the United States Constitution, the courts have recognized that such a right is balanced against the need for "efficient and effective administration of criminal justice."State v. Boone (1995), 108 Ohio App.3d 233, 238,670 N.E.2d 527. "A defendant is not permitted to take advantage of a trial court `by claming his right to counsel in order to frustrate or delay the judicial process.'" Sweeney, at *1, quoting State v.Wellman (1974), 37 Ohio St.2d 162, 309 N.E.2d 915. See, also,State v. McCraney, 9th Dist. No. 22909, 2006-Ohio-4469.
 {¶ 9} There are several factors a court must consider in determining whether a defendant's request for a continuance is unreasonable. Those factors include:
"The length of the delay requested; whether other continuances have been requested and received, the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstances which give rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Unger, at 67-68.
 {¶ 10} The court found in Sweeney that the defendant, who had been granted four separate continuances, was not entitled to a fifth, which he requested on the day of his trial. Sweeney,
at *2. Moreover, the appellate court found that the trial court was correct in requiring that the defendant proceed to trial without counsel, which he had failed to obtain. Id. The court further held that "when a defendant refuses to take effective action to obtain counsel, and on the day of trial requests a continuance in order to delay the trial, the court may, under proper conditions, be permitted to infer a wavier of the right to counsel." Id. at *1. The court's considerations must include the total circumstances of the individual case. Id.
 {¶ 11} Although Defendant's counsel in this case did request the third continuance the day before the trial rather than the day of trial, we find that the court did not abuse its discretion in denying that motion, given the totality of the circumstances in Defendant's case. Despite Defendant's contentions that the July 26 request for a continuance was only his second request, the record reflects that Defendant actually made three requests to continue the proceedings at different stages of the litigation, two of which the court granted before denying the request at issue in this appeal. Each of the first two requests was made on the day set for trial when the prosecution's witnesses were already assembled. Defendant was on notice as of June 30, 2005, that the court would not grant any further continuances. Moreover, as the court noted in its hearing on the motion for a new trial, Defendant had ample opportunity to secure legal representation in the five months between the initial arraignment and the July trial date, and had simply failed to do so. The only evidence that Defendant had retained counsel was the Notice of Appearance filed on July 26. Defendant had mentioned — both in the trial court proceedings and in his appellate brief — attempts to secure representation before that date, but this court can find no actual evidence in the record to support those contentions.
 {¶ 12} Defendant put the court and prosecutor to repeated inconvenience by his laxity. As the court noted in the hearing on Defendant's motion for a new trial: "[T]he lack of having the assistance of counsel is nobody's fault but your own, Mr. [P]. We had bent over backwards continuing this case to the inconvenience of the Prosecutor and all the prosecution's witnesses and costs to the Court three times[.] * * * No one denied you counsel except yourself by your own lack of diligence in securing counsel."
 {¶ 13} We find that it was reasonable for the trial court to deny Defendant's final motion for a continuance, and that Defendant impliedly waived his right to counsel by failing to obtain counsel that would represent him at the appointed time, despite the fact that he had five months to do so.
 B. Denial of Motion for New Trial {¶ 14} A criminal defendant may move for a new trial pursuant to Crim.R. 33(A), when one of six grounds is present. In this case, Defendant moves for a new trial based upon an "[i]rregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial." Crim.R. 33(A)(1).
 {¶ 15} A trial court's ruling on a motion for a new trial will not be disturbed absent an abuse of discretion. Sweeney,
at *3, citing State v. Haddix (1994), 93 Ohio App.3d 470, 480,638 N.E.2d 1096. As noted above, an abuse of discretion must be more than a mere error of law or judgment, and must involve an action by the trial court that was unreasonable, arbitrary or unconscionable. Blakemore, at 219.
 {¶ 16} We find that the trial court's denial of Defendant's motion for a new trial was reasonable. Defendant had been given multiple opportunities to retain counsel, and his failure to do so was interfering with the "efficient and effective administration of criminal justice." See Boone, at 238. We have already determined that the trial court was correct in denying Defendant's request for a continuance. It follows that the motion for a new trial was baseless. Defendant was never denied due process in that he was given a trial and an opportunity to argue his case. He also had five months within which to exercise his right to counsel, and he failed to do so. The court reasonably determined that he should not have a second opportunity to do what could have been done properly months earlier.
 {¶ 17} The trial court properly denied Defendant's motion for a continuance as well as his motion for a new trial. Defendant's sole assignment of error is overruled. The actions of the trial court are affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J. Concurs.